**Source Services Corp.**
**v.**
**Capital Data Systems, Inc.**
*[Cite as 5 AOA 259]*

*Case No. 89AP-1406*
*Franklin County, (10th)*
*Decided July 10, 1990*

*J. Patrick Thomas, for Appellant.*

*Fred Thomas, for Appellee.*

McCORMAC, J.

Plaintiff-appellant, Source Services Corporation, appeals from the judgment of the Franklin County Municipal Court, granting the motion of defendant-appellee, Capital Data Systems, for summary judgment and raises the following assignments of error:

"I. THE TRIAL COURT ERRED IN DETERMINING THAT R.C. 4143.14 PRECLUDES A PERSONNEL PLACEMENT SERVICE FROM MAINTAINING AN ACTION AGAINST AN EMPLOYER TO COLLECT A FEE IN THE ABSENCE OF A WRITTEN AGREEMENT BETWEEN THE PLACEMENT SERVICE AND THE APPLICANT.

"II. THE TRIAL COURT ERRED IN HOLDING THAT A 'RECORDED BONA FIDE JOB ORDER' DID NOT EXIST AND, IN THE EVENT THAT SUCH A JOB ORDER DID NOT EXIST, THE TRIAL COURT ERRED IN HOLDING THAT ITS ABSENCE PRECLUDED THE APPELLANT FROM MAINTAINING AN ACTION AGAINST THE APPELLEE TO COLLECT A FEE.

"III. THE TRIAL COURT ERRED IN ITS FAILURE TO GRANT A SUMMARY JUDGMENT IN FAVOR OF APPELLANT."

Appellant is a personnel placement service company engaged in the placement of computer professionals. Appellant's services are entirely employer paid. Appellee is a corporation which provides computer staffing services on a contract basis to various governmental and private entities throughout Ohio. Robin Jones is the president and sole shareholder of appellee.

The events which gave rise to this lawsuit involve the hiring of John Banner by appellee. Appellant maintains that Banner was referred to appellee by appellant pursuant to a bona fide job order. Appellee contends that Banner came to be hired as the result of a newspaper advertisement and, therefore, that no referral fee is due appellant. In support of its position, appellant argues that one of its representatives first contacted appellee in October 1986, and discussed fees and services. Thereafter, two fee schedules were sent to appellee in April and May 1987. Appellant further contends that, in May 1987, a representative of appellant had a telephone conversation with Jones concerning the placement of a programmer with "SAS/SIR" experience and that such a candidate, John Banner, was referred to appellee for an interview. Appellee counters by claiming that, after the initial discussion with appellant's representative, Jones felt that appellant's fees were excessive and decided not to use appellant's services. Jones does not remember receiving a fee schedule and denies that Banner was interviewed and hired as the result of a referral but, rather, through appellee's placement of an advertisement in the Columbus Dispatch.

Prior to trial, both parties moved for summary judgment. The trial court determined that appellant failed to follow the statutory mandates of R.C. Chapter 4143 by not recording a bona fide job order and by not securing a written agreement between appellant and the applicant, Banner. Therefore, the trial court awarded summary judgment to appellee and dismissed appellant's complaint.

By its first assignment of error, appellant contends that the trial court erred by concluding that R.C. 4143.14 precludes an action by an employment agency against an employer in the absence of a written agreement between the applicant and the placement service. We agree that the trial court misinterpreted the applicable statutes and hence, sustain appellant's first assignment of error.

R.C. Chapter 4143 was enacted to regulate the personnel employment services industry. It appears that the legislation was designed to protect applicants by requiring employment agencies to fully inform applicants of the amount and nature of fees charged. At the time Banner was hired, only one section of R.C. Chapter 4143 expressly dealt with employers and that section has since been amended. The trial court relied on R.C. 4143.14(A) which, at times pertinent to this action, provided:

"(A) All contracts or agreements between a personnel placement service and the applicant shall be in writing, shall be accompanied by a copy of the current fee schedule in use by the licensee, and shall include in substance, when applicable, the following provisions:

"*** ."

R.C. 4143.14(A) speaks to the necessity of an agreement between the agency and the applicant, presumably for the protection of the applicant, and does not mention any requirement that a written agreement is a condition precedent to recovery of a fee by the agency from an employer. R.C. 4143.14 should not be interpreted to require a fee contract between an agency and the applicant being referred to an employer who is the only one to be held responsible for payment of a fee.

Since R.C. Chapter 4143 does not set requirements for an agreement between an agency and an employer then the necessary elements are established by the general law of contracts. A contract between appellee and appellant may be express or implied in fact. See *MacEachern v. Rockwell International Corporation* (1979) 254 S.E. 2d 263. Either type of contract requires the essential elements of offer, acceptance, and consideration. In the present case, the parties disagreed as to whether there was an offer and an acceptance of the offer. Appellee contends that appellant's services were too expensive and hence, appellee chose not to accept appellant's offer. Appellant, on the other hand, contends that it sent fee schedules to appellee and that, by hiring a candidate referred to it by appellant, appellee accepted appellant's unilateral contract offer. It is apparent that there exists a question of fact concerning the existence of a contract between appellee and appellant which precludes the granting of summary judgment.

Appellant's first assignment of error is sustained.

Appellant secondly contends that the trial court erred by not finding that a bona fide job order existed, and that, even if no job existed, its absence does not preclude appellant from collecting its fee.

R.C. 4143.01(E) defines a "bona fide job order" as:

"(E) 'Bona fide job order' means a record of a communication between an employer and a personnel placement service authorizing the personnel placement service to refer an applicant to the employer."

R.C. 4143.12(I) goes on to provide that an agency cannot advertise for a position or refer an applicant unless a bona fide job order is on file with the agency. The requirement of a job order is consistent with the law's general tenor of protecting applicants. Without a requirement that the employers must first express an interest in filling the position, applicants could be sent on job interviews where they are unwanted, resulting in a virtual wild goose chase at the direction of an unscrupulous employment agency. Furthermore, the existence of a job order protects employers from hiring applicants without the knowledge that they were referred by agencies, possibly causing employers to incur substantial fees that they had not contracted to undertake.

R.C. Chapter 4143 makes a bona fide job order a condition precedent to the recovery of a fee by an employment agency. However, there is no provision that requires the order to be signed by the employer. R.C. 4143.01(E) merely provides that the agency keep a record of communications between it and the employer authorizing the agency to refer prospective employees. In the case at bar, the parties disagreed as to the existence of a bona fide order. Appellee argues that a fee schedule was never received and that appellant was never authorized to recruit potential applicants for the position appellee sought to fill. Appellant argues exactly the opposite. Given the opposing positions of the parties as well as the contradictory evidence contained in the record, we cannot say that reasonable minds could come to but one conclusion, that being adverse to appellant. For the foregoing reasons, Civ. R. 56 precludes the trial court's award of summary judgment to appellee.

Appellant's second assignment of error is sustained.

Appellant finally maintains that the trial court not only erred by awarding summary judgment to appellee but confounded its error by not awarding summary judgment to appellant. For the same reasons that it was improper to grant appellee's motion for summary judgment, it would also be improper to grant appellant's similar motion. Questions of fact exist as to whether there was a bona fide job order on file and whether appellee authorized appellant to recruit employees.

Appellant's third assignment of error is overruled.

Appellant's first and second assignments of error are sustained. Appellant's third assignment of error is overruled. the judgment of the trial court is reversed and this case is remanded for further procedure consistent with this opinion.

*Judgment reversed and*
*case remanded.*

BRYANT and KERN, J.J., concur.

KERN, J., retired of the Montgomery County Common Pleas Court, assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.